UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| FREDDIE WELLS, | ) C/A No. 4:07-2961-HMH-TER |
| Plaintiff, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| THE SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; et al.; GENERAL COUNSEL VINCENT AND TATARSKY, | ) |
| Defendant(s). | ) |

The *pro se* plaintiff filed a complaint pursuant to 42 U.S.C. §1983 on August 28, 2007.[1] Defendants filed a Motion for Summary Judgment on March 13, 2008. The undersigned issued an order filed March 14, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the Motion for Summary Judgment procedure and the possible consequences if he failed to respond adequately. On March 20, 2008, defendants filed an Amended Motion for Summary Judgment. Therefore, a second Roseboro Order was issued on March 20, 2008, again advising plaintiff of the Motion for Summary Judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff failed to respond.

On April 29, 2008, an Order was issued informing plaintiff that if he did not respond to the defendants' motion for summary judgment within ten (10) days of the date of the order, his case may be dismissed pursuant to Federal Rules of Civil Procedure 41(b), and that dismissal would be considered an adjudication on the merits, i.e., with prejudice. (Document #34). Plaintiff has failed to file a response to the motion for summary judgment.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

**A. RULE 41(B) DISMISSAL**

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989), <u>cert</u>. <u>denied</u> 493 U.S. 1084 (1990) and <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

<u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding <u>pro se</u> so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motion for summary judgment or the Court's Orders requiring him to respond. The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

**II.  CONCLUSION**

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

        Respectfully submitted,

        <u>s/Thomas E. Rogers, III</u>
        Thomas E. Rogers, III
        United States Magistrate Judge

May <u>19</u>, 2008
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

3